## IN THE UNITED STATES DISTRICT COURT
### FOR THE ~~MIDDLE~~ DISTRICT OF ~~PENNSYLVANIA~~
Southern                              New York.

(1) Tonia' Scott  19-11057                    :
**(Name of Plaintiff)        (Inmate Number)**
Norristown State Hospital              :
1001 Sterigere Street, 51-C I
Norristown, PA 19401-5397.             :
**(Address)**
                                       :
                                       :
(2) Tonia' Scott  19-11057.            :
**(Name of Plaintiff)        (Inmate Number)**
                                       :
_____                  _____
SAME AS ABOVE                          **(Case Number)**
**(Address)**                          :
                                       :
**(Each named party must be numbered,** :
**and all names must be printed or typed)** :
                                       :
              **vs.**                  :       **CIVIL COMPLAINT**
                                       :
(1) Raymond Tonkin _____    :
                                       :
(2) Craig Lowe _____     :
                                       :
(3) AND  Et Al. _____      :
**(Names of Defendants)**

**(Each named party must be numbered,**
**and all names must be printed or typed)**   :

RECEIVED
FEB 12 2021
U.S.D.C.
W.P.

**TO BE FILED UNDER:** __✓__ **42 U.S.C. § 1983 - STATE OFFICIALS**

_____ **28 U.S.C. § 1331 - FEDERAL OFFICIALS**

## I.    PREVIOUS LAWSUITS

A.    If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

1. Filed Habeas Corpus (20CV0828), U.S. District Ct. of Middle Pennsylvania, Judge Yvette Kane

2. Filed 42 USCS 1983 (20CV5412), US District Ct of Eastern Pennsylvania, Judge Eduardo Robreno

1

**II.    EXHAUSTION  OF  ADMINISTRATIVE  REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.    Is there a prisoner grievance procedure available at your present institution? _____ Yes   ✓ No

B.    Have you fully exhausted your available administrative remedies regarding each of your present claims? _____ Yes   ✓ No

C.    If your answer to "B" is Yes:

1.  What steps did you take? _____ N/A _____

_____ N/A _____

2.  What was the result? _____ N/A _____

_____ N/A _____

D.    If your answer to "B" is No, explain why not: Plaintiff Never. Contracted with P.C.C.F. jail AND/or ANy of the Defendants.

**III.   DEFENDANTS**

(1)  Name of first defendant: (Please View the ENclosed.)

Employed as _____ at _____
Mailing address: _____
(2)  Name of second defendant: _____
Employed as _____ at _____
Mailing address: _____
(3)  Name of third defendant: _____
Employed as _____ at _____
Mailing address: _____
(List any additional defendants, their employment, and addresses on extra sheets if necessary)

**IV. STATEMENT  OF  CLAIM**

(State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including dates and places.  Do not give any legal arguments or cite any cases or statutes.  Attach no more than three extra sheets if necessary.)

1.   Plaintiff pleads to the Court AN INjuNction restraining further imprisonment in Plaintiff 42 USC 1983 complaint, As such Plaintiff 42 USC 1983 complaint, should be treated As.

788 (1968)

2. Plaintiff is Not A State Citizen, Plaintiff is A citizen from A Native American/Indian Tribe recognized by the state -s of New York AND Pennsylvania. Yet Plaintiff was charged with State offenses on Indian Title-Land (Indian Country), contradict--ing 25 USC 2, Sec 1,4, 25 USC 1321 AND 25 USC 1324.

3. Plaintiff gave No personal jurisdiction to the Courts of Pike County nor has Plaintiff contracted for housing AND/or Services with Pike County Correctional Facility AND/or Norristown State Hospital, Yet Plaintiff unauthorized custody has produced False Imprisonment for Plaintiff, 35 C.J.S 9-10.

## V. RELIEF

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. Extra Ordinary Relief - Plaintiff pleads to the Court, A preliminary injunction AND/or temporary restraining order to immediately restrain Plaintiff False imprisonment At Norristown State Hospital; in the unauthorized custody of Defendant Jessica Keith.

2. Prospective Injunctive Relief- Plaintiff entreat to the Court for relief from Defendants: (State Actors), Raymond Tonkin, Jessica Keith, Lt Michael Joyce, Lt Floyd Bowen, Dr. Bagchi, Dr. Fakiyasi, Nurse Toto, Nurse Lynn AND Josh Shapiro.

3. Injunctive Relief - Plaintiff beseech to the Court for injunctive Relief from Defendants: Gregory Chelak, Matthew M. Osterberg AND Craig Lowe.

3

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _____ 31st _____ day of _____ JANUARY _____, 20 _21_.

_____

(Signature of Plaintiff)

Principal Chief Tonia Scott's
Defendants

① Raymond Tonkin
506 Broad Street
Milford, PA 18337.

② Craig Lowe
Pike County Correctional
Facility
175 Pike County Blvd.
Lords Valley, PA 18428

③ Jessica Keith
Norristown State Hospital
1001 Sterigere Street
Norristown, PA 19401-
5397

④ Dr. Sudarshan Bagchi
Norristown State Hospital
1001 Sterigere Street
Norristown, PA 19401-
5397

⑤ Lt. Floyd Bowen
PSP. Blooming Grove
434 Route 402
Hawley, PA 18428
(570) 226-5718.

⑥ Lt. Michael Joyce
PSP Blooming Grove
434 Route 402
Hawley, PA 18428
(570) 226-5718.

⑦ Gregory Chelak
Pike County Courthouse
412 Broad Street
Milford, PA 18337.

⑧ Matthew M. Osterberg
506 Broad Street
Milford, PA 18337.

9. Attorney General of Pennsylvania, Josh Shapiro.
   Office of Attorney General
     14th Floor, Strawberry Square
     Harrisburg, PA 17120
     (P) 717-787-0822.


10. Dr. Fakiyasi
     Norristown State Hospital
     1001 Sterigere Street
     Norristown, PA 19401


11. Nurse Lynn
     Norristown State Hospital
     1001 Sterigere Street
     Norristown, PA 19401


12. Nurse Toto
     Norristown State Hospital
     1001 Sterigere Street
     Norristown, PA 19401-5397

(Tonia' Scott) List of Exhibits                    1/21/21

A. New York State Supreme Court, recognition of Tribe
B. Pennsylvania General Counsel, recognition of Tribe
C. Pennsylvania Attorney General, recognition of Tribe
D. Lehigh County Court (PA), recognition of Tribe
E. Tonia' Scott, Indian Status, recognition (US District Ct)
F. Indian Title, Pine Ridge (Ridge)
G. Indian Title, Saw Creek
H. Decree #11
I. 25 USC 1321/1755 (Assumption by State of Criminal)
J. 25 USC 1324 (Amendment of State Constitution & Etc)
K. 25 USC 2, Sec 1.4. (State or Local Laws Do Not Apply)
L. Dept of Interior/BIA (Indian Title)
M. Tribal ID.
N. Tribal License Plate.
O. P.L. 1154, 48 hrs duration in jail.
P. Pike County Court, letter of Commitment into N.S.H.
Q. List of Items in Tribal Car.
R. Court of Pike County Letter/Petition to Release Property
S. Court of Pike County Letter/Petition to Dismiss Charges
T. Court of Pike County reply to Petition to Dismiss Charges
U. Court of Pike County reply to Petition to Release Property

# List of Exhibits

12/31/20

A. New York State Supreme Court, recognition of Tribe

B. Pennsylvania General Counsel, recognition of Tribe

C. Pennsylvania Attorney General, recognition of Tribe

D. Lehigh County Court (PA), recognition of Tribe

E. Tonia' Scott, Indian Status, recognition (U.S District c

F. Indian Title, Pi̶n̶e̶ Ridge

G. Indian Title, Saw Creek.

H. Decree #11

I. 25 USC 1321/1755 (Assumption by State of Criminal)

J. 25 USC 1324 (Amendment of State Constitution & Etc)

K. 25 USC 2, Sec 1.4 (State or Local Laws Do Not Apply).

L. Dept. of Interior/BIA (Indian Title)

M. Tribal ID

N. Tribal License Plate

O. P.L 1154, 48 hrs Duration in Jail

P. Pike County Court, letter of Committment into NSH.

Q2. List of Items in the Tribal Car.

R.

In the United States District Court
For the ~~States~~ District of ~~Pennsylvania~~
Southern                    New York

Tonia´ Scott,
   Plaintiff/Petitioner
      V.
Raymond Tonkin,
   Defendant
      And
Jessica Keith,
   Defendant
      And
   Et Al.

CASE Number:
~~REDACTED~~

Petition to Remove State
Criminal Prosecution into
the U.S. District Court,
ADD Defendants AND A
Change of Venue

Now Comes, Plaintiff Petition to Remove State Criminal
Prosecution into the U.S. District Court, ADD Defendants
AND A Change of Venue. Plaintiff beseech the Court
to Allow the enclosed Petition to Accompany Plaintiff
42 USC 1983 Complaint Plaintiff brings this Act-
-ion in reply to Pike County Court of Common
Pleas cases, CP-52-CR-0000211-2020; CP-52-
CR-0000096-2020 AND CP-52-CR-0000687-2019.

## 28 USC 1455

Plaintiff entreat the Court to declare the Comm-
-onwealth of Pennsylvania Criminal charges/
offenses Against Plaintiff invalid as stated
in Plaintiff Relief of Section III. Plaintiff

Declaration required by law. This is in accord-ance to USCS, Title 28, Chapter 89, Section 1455 (28 USCS 1455), in which the U.S. District Court may remove the State Court criminal prosecution into the jurisdiction of the U.S. District Court.

"Complaint under 42 USCS 1983, should have been treated as Petition for habeas Corpus, where State prisoner requested declaration that his conviction was invalid, and injunction restrain-ing his further imprisonment." See <u>Bennett v. Allen</u>, 396 F. 2d 788 (1968).

As such, Plaintiff proclaims that the Commonwealth of Pennsylvania criminal offenses/charges are in violation of the Indian Civil Rights Act and the Civil Rights Act of 1968:

1. Title IV, Section 401 (25 USC 1321)
    {Assumption by State of Criminal jurisdiction}

2. Title IV, Section 402 (25 USC 1322)
    {Assumption by State of Civil jurisdiction}

3. Title IV, Section 404 (25 USC 1324)
    {Consent to Amend State Laws}

A. "Any action charging violation of Indian Civil Rights Act, is within jurisdiction of a Federal Court." See <u>Brunette v.</u>

③

DANN, 417 F. Supp. 1382 (1976);

B. 28 USC 1331, "The District Court shall have original jurisdiction of All civil Actions arising under the Constition, laws or treaties of the United States;

C. "It was intent of Congress enacting Indian Civil Rights Act to create body of substantive Rights, Patterned in Part on Federal Bill of Rights and to place jurisdiction, in case of violation of those rights, in District Courts". See Solomon v. LaRose, 335 F. Supp. 715 (1971);

D. "In Absence of legislation by Congress, conferring jurisdiction upon State Courts, they have No jurisdiction of crimes committed by Tribal Indians on Indian Lands (country) within borders of State". See Application of Konaha, 131 F. 2d. 737 (7th Cir 1942);

E. "If State Fail to implement Civil Rights Act of 1968 to Acquire jurisdiction over Indian Country then State is without jurisdiction over those Indians". See Francisco v. State, 113, 427, 556 P. 2d 1 (Ariz 1976).

F. "Absent Compliance with 25 USC 1322 (A) {Indian Civil Rights Act/Civil Rights Act of 1968}, State Courts can exercise neither Civil nor Criminal jurisdiction over

INDIAN COUNTY, INDIANS. SEE McCLANAHAN

V. ARIZONA State Tax Comission, 411 U.S 164,
93 S. Ct 1257, 36 L. Ed. 2d 129 (1973)

The United States jurisdiction pertaining to tribal
and individual Indians consist of the following:

I. The Appropriation Act of 1871, made individual and
   Tribal Indians the exclusive jurisdiction of the
   United States;

II. The Indian Citizenship Act of 1924, made
    All Indians, United States Citizens with
    the immunities and/or privileges of the 14th
    Amendment, Section I of the U.S. Constit-
    -ution. See the Slaughterhouse Cases (1873);

III. "Article 1, Section 8 of the U.S. Constitution made
     Indian relation exclusively with the United States."
     See Oneida Indian Nation V. County of Oneida (1974)

IV. Membership Requirements into the Saw Creek and
    Pine Ridge Indian Communities Tribal Government
    According to Decree 1, Section VIII, "Whereas, member-
    -ship into the tribe is by direct bloodline to the
    Aboriginal/Indian Title holder, Principal Chief Tonia'
    Scott and/or Kinship to the Aboriginal Title holder,
    Principal Chief Tonia' Scott, as required in the
    Constitution of the Saw Creek and Pine Ridge
    Indian Communities, Article IV Citizenship, Section 1
    "All citizens of the Saw Creek and Pine Ridge

Indian Communities must be original enrollees (5)
or descendants of original enrollees listed on
the Saw Creek and Pine Ridge Indian Communi-
-ities Rolls."

## Outline of Events

On November 18, 2019, At About 12:15 pm, Plaintiff,
Principal Chief Tonia Scott of the Saw Creek and
Pine Ridge Indian Communities Tribal Government,
Deputy Chief Keeba Scott Harris and Five (5) Tribal
Law Enforcement Officers were illegally and unlawful-
-ly Arrested by About twenty (20) Pennsylvania State
Police Officers on the Pike County Land recorded
Indian Title hamlet of Pine Ridge. The P.S.P.
troopers tribally and federally criminally trespass-
-ed on Indian Land Against the direction of the
Pennsylvania General Counsel, Attorney John J. Herman
-n, Plaintiff and six (6) Tribal Officials were restrain
-ed with handcuffs and ankle shackles. Then
Eleven (11) hours later transported to the Pike
County Correctional Facility.

Plaintiff was physically and mentally assaulted
by Defendant Warden Craig Lowe staffers, in an
effort to threaten, coerce, oppress, intimidate and
injure Plaintiff into contracting with Pike
County Correctional Facility for housing and serv-
-ices; thus constituting False Imprisonment,

35 C.J.S. § 14

Plaintiff has lost her liberty and personal property. Plaintiff's property was illegally and unlawfully seized by the P.S.P., Blooming Grove Station (Troop R); A 25 USC 2, Section 1.4, violation and Fourteen (14th) Amendment violation of the U.S. Constitution.

On 10/14/20 Plaintiff was transported to Norristown State Hospital. Norristown State Hospital is a mental facility. Plaintiff was handcuffed, ankle shackled and shadowed by two (2) armed (w/weapons) Pike County Police Officers. Plaintiff Never contracted for any services with the Pike County Correctional Facility or the Courts of Pike County or the Commonwealth of Pennsylvania or Norristown State Hospital, pertaining to State criminal offenses.

Plaintiff's (72pg) completed 42 USC 1983 complaint was stolen from her by Defendant Craig Lowe, PCCF Staffer Amanda Mills. Plaintiff had documents stolen from other Defendant, Craig Lowe, PCCF Staffers' Sgt. Linda Forshay, (Betsy) South and Kapilett-Smith, pertaining to Plaintiff's 42 USC 1983. Thus, constituting 42 USC 1985, Section 2 " If two or more persons conspire for the purpose of impeding, hindering, obstructing or defeating, in any manner, the due course of justice, in any State or territory,

with intent to deny to any citizen, the equal
protection of the laws, or to injure him or her
or his property for lawfully enforcing, or attempt-
-ing to enforce, the right of any person, or class
of persons to the equal protection of the laws".

## Defendants

Plaintiff never expressed and/or implied consent to
contract into the jurisdiction of the Courts of
Pike County and/or Norristown State Hospital
and/or Pike County Correctional Facility and/or
the Commonwealth of Pennsylvania at Plaintiff's
individual and/or Tribal (official) capacity, pertain-
-ing to the Commonwealth criminal, offenses against
Plaintiff. As such the Courts of Pike County lack
personal jurisdiction over plaintiff. See Inter-
-National Shoe v. Washington, 326 U.S. 310 (1945)

The San Creek and Pine Ridge Indian Communities
Tribal Government Never contracted with the
Commonwealth of Pennsylvania for Assumption by
State of civil or criminal Jurisdiction (25 USC
1321 or 25 USC 1322). As such, "Absent com-
-pliance with 25 USC 1322 (A) {Indian Civil
Rights Act/ Civil Rights Act of 1968} State Courts
can exercise neither civil nor criminal jur-
-isdiction over Indian Country, Indians."
See McClanahan v. Arizona State Tax
Commission, 411 U.S. 164, 93 S. Ct 1257,

In Cohen's Handbook of Federal Indian Law, "What is Federal Indian Law" at 1, "Indian tribes have been exercising political and cultural sover- -ignty since long before the establishment of the United States, and their sovereignty is based not on any Federal Authority but on the "Principles of International Law"

"The jurisdiction of a nation within its own territory is exclusive and absolute. It it susceptible of No limitation, not imposed by itself. Any restriction deriving validity from an external source would imply a diminution of its sovereignty to the extent of that restriction, and investment of that sovereinity to the same extent in that power, which could impose such restriction. All exceptions to the full and complete power of a nation within its own territory must be traced up to the "consent" of the nation itself." See the Exchange v. McFaddon, 11 U.S. 116 (1812).

Plaintiff rights and/or priviledges and/or immunit -ies secured by Federal Statutory laws and the U.S. Constitution were violated by the below Defendants. Plaintiff Seeks ~~injunction~~ injunctive re- -lief, because that is prospective relief, in which State and Local officials may be sued". See Monelle v. Dept of Social Service (1978).

"The U.S. Supreme Court STATE, SEACE AND Local officials MAY be SUED IN their personal capacity, where the suit seeks to impose INDIV- -idual personal liability ON the government off- -icER for ACtions takEN UNDER Color of State Law with the baDge of State Authority UNDER the 14th AmendmenT. Plaintiff may begin AN ACtion UNDER 42 USC 1983, if their rights, privileges or immunities secured by FEDERal StatutoRy Laws Were Violated". SEE <u>MonEllE</u> V. <u>DepartmenT</u> of <u>Social ServicE</u>, 436 US 658 (1978)

## Defendant, Raymond Tonkin

Defendant, Raymond Tonkin intentionally obstructED JusticE by refusing to AcKnowlEDgE Plaintiff Native American/ INDian tribal StatUs AS well AS the otheR Saw Creek AND Pine Ridge Indian Communities Tribal officials Status. Defendant, Raymond Tonkin continued to impose State Court prosecution even when Defendant, Tonkin had Knowledge from Plaintiff that he, lackED jurisDiction. DefendANt Tonkin was hand delivered both INDian Titles of the Saw Creek AND Pine Rid- -ge Pike County recordED properties, Decree #11, 25 USC 2, Section 1.4, the PennsylvANiA General Counsel letter AND etc., by Plaintiff during the Pike County Court Preliminary Hearing of 12/18/19.

THE SAME DOCUMENTS, that WERE never open to Defen-
-DANT, TONKiN WAS FAXED AND CONFIRMED ON 12/19/19.
PlAiNtiff, "Petition to Dismiss State Offenses, DuE to
Defect of JurisDiction AND Return Tribal Property",
WAS MAiLED ON 1/20 AND 2/20 (JANuAry, 2020 AND
FebuAry 2020). THE petition WAS ACcepted AND rec-
-orDED. by the PiKE CounTy Administrator of the
Courts. Even, when PlAintiff 28 USC 2241, HAbeAs
Corpus WAS given to DefeNDANt TonKiN by the
U.S. District Court of MidDle PeNNSylvANiA, 7/20.
(July 2020), DefeNDANt TonKiN coNtinue to
proclAim thAt the CommonwealtH of PeNNSylvANiA
hAD jurisDiction to prosecute TribAl members,
ON INDiAN Title LAND. Thus, coNstituting AN
INtentioNAl reckless suppression of eviDeNce.
DefeNDANt TonKiN prepArEd Documentations to
force PlAintiff to be held iN FAlse imprisonment,
(35 C.JS. 9-1D) iN both Norristown State Hospital
AND PiKE CounTy CorrectioNAl FAcility. DefeNDANt
TonKiN WAS well AwAre that he lAcKED personAl
AND/or terriorial (Subject matter) jurisDictioN over
PlAintiff, the tribAl officials AND/or the INDiAN
Title reAl EstAte of SAw Creek AND/or PiNE RidGE.
Thus, CreAting A, "ZONE of DANGER," both instit

-utitions have a reputation for inflicting physical and emotional distress upon the unfortunate inhabitants. As such, Defendant Tonkin may be held liable in his individual capacity as a prosecutor. See <u>Stockdale Et. Al. V. Helper Et. Al</u>, No. 3 (2017), (CV00241) Docum-ent 27 "M.D. Tenn. 2017." Defendant Tonkin impeded, hindered and obstructed Plaintiff Due course of Justice with the intent to deny Plaintiff the equal protect-ion of the laws of the U.S. Constitution and Federal Statutory Laws." Thus, causing intentional infliction of Emotional Distress upon Plaintiff. See <u>Austin V. Pennsylvania State University</u>, No. 1:14-CV-2480, 2015 WL. 9660019, at *11 (M.D. PA June 9, 2015).

Defendant, Raymond Tonkin, had <u>No</u> Authority from Congress and/or the S.C.P.R.I.C. Tribal Government to impose State criminal offenses/charges against Plaintiff and/or the six (6) Tribal Officials. Defendant Tonkin actions violated 25 USC 1321 {Assumption of State by Criminal Jurisdiction} and/or 25 USC 1324 {Amend State Laws}. As confirmed in <u>McClanahan V. Arizona State Tax Commission</u>, 411 U.S. 164, 93 S. Ct. 1257, 36 L. Ed. 2d (1973), "Absent Compliance with 25 USC 1322 (A), {Indian Civil Rights Act of 1968} State Courts can exercise Neither Civil Nor Criminal jur-isdiction over Indian Country, Indians."

USE AND regulation of Tribal Entities, a matter of Tribal Self-government properly left to the Jurisdiction of Tribal Court." SEE *Cowan v. Rosebud Sioux Tribe*, 405 F. Supp. 1338 DSD. (1975).

Defendant, Raymond Tonkin, "Motive" in ~~revision and~~ main-taining the false narrative of Plaintiff and the Six (6) Tribal Officials as Deviants of the Common-wealth of Pennsylvania, "Seems" to be that Def-endant Tonkin will be humiliated and embarra-ssed by the same media outlets (Newspapers, internet, Radio and Television) that he solicited the fabrication and intentional reckless suppr-ession of evidence that the Pike County record-ed Indian Title property of Pine Ridge is Not in the Jurisdiction of the Commonwealth of Pennsylvania and/or the Pike County District Attorney, Defendant Raymond Tonkin but in the Jurisdiction of the Saw Creek and Pine Ridge Indian Communities Tribal Government.

## Defendant, Lt. Michael Joyce.

Defendant, Lt. Michael Joyce of the Pennsylvania State Police, Blooming Grove Station (Troop R), locat-ed At 434 Route 402, Hawley, PA 18428. Plaintiff request the Court to ADD Defendant, Lt Michael Joyce as the "Keeper," pertaining to Plaintiff Relief, Section IV, in which Plaintiff prays that the Court issues an injunction to the Pennsylva-nia State Police to return Plaintiff personal

Property With the license Plate C-PS-315, Saw Creek And
Including Pine Ridge Indian Communities Tribal Government
Plaintiff
2005
Pacifica
(CAR)

Defendant, Lt. Michael Joyce violated 25 USC 2,
Section 1.4, in which states that," State Law Do
Not Apply to Indian Lands or Indian personal
Property." Yet Defendant, Lt. Michael Joyce is the
"Keeper," of Plaintiff personal property that was
illegally And unlawfully Seized by the P.S.P.
(Troop R) Troopers; Since 11/18/19, until present.
When Plaintiff And the six (6) other Tribal off-
-icials were Abducted from the Indian Title
hamlet of Pine Ridge And Shadowed by armed
(with military guns) P.S.P. Troopers As Plaintiff and
the six (6) Tribal officials were forced to the
Blooming Grove Station as they were each
handcuffed And Ankle Shackled. See Exhibit
N And Exhibit Q2

Defendant, Jessica Keith

Defendant, Jessica Keith is the CEO of Norristown
State Hospital. Defendant Keith is the "Keeper," As
Defendant Craig Lowe is the "Keeper," of Pike
County Correctional Facility. At Norristown
State Hospital, Plaintiff had, endured three
(3) physical Altercations with A Violent schizo-
- phrenic patient Named Alexis (this is her 3rd
4th time at Norristown State Hospital). Alexis

(14)

pulled out a chunk of Plaintiff's hair During one of the altercations). There are several patients like Alexis at Norristown State Hospital with a history of violent schizophrenia and whom are repeat patients of the hospital. These violent schizophrenic patients have Daily Verbal and/or physical conflicts with other patients as well as Staffers. Plaintiff must endure Daily and nightly yells and screams from medic-ated schizophrenic patients. Plaintiff is sleep deprived. Also Plaintiff shares an unlocked (open wide) room with three (3) other repeat violent Schizophrenic patients There are four (4) other unlocked rooms with over twelve (12) medicated violent schizophrenic patients on Plai-tiff floor. See Exhibit P₀

## Defendant Dr. Sudarshan Bagchi

Plaintiff has been attempted to be extorted by Defendant, Jessica Keith staffer Defendant Dr. Sudarshan Bagchi to take similar Daily medication as the violent schizophrenic patients at the Norristown State Hospital, in order to be release from the hospital. Plaintiff refused. Although Plaintiff has No family and/or personal history of Schizophrenia. Plaintiff Never contracted for

housing AND/or Services auther Defendant Keith ⑮ AND/or Norristown State Hospital. Defendant, Jessica Keith AND Defendant. Dr. Bagchi actions have produced intentional infliction of Emotional Distress upon Plaintiff. See Hoy v Angelone, 691 A. 2d. 476, 482 (Pa Sup. Ct 1997). Plaintiff entreat the Court to ADD Defendant, Dr. Sudarshan Bagchi to Plaintiff 42 USC 1983 Complaint

Defendant Jessica Keith AND Defendant, Dr. Sudarshan Bagchi violated Plaintiff liberty, by forcing her to endure physical AND emotional Abuses threats AND constitutional violations under the color of State Authority. Plaintiff is Not A State citizen. Plaintiff has No contracts with Defendant Jessica Keith for housing Nor services Plaintiff would. repeatly proclaim her Desire to leave Norristown State Hospital. Yet Defenda- -Nt, Jessica Keith staffers would Not comply. Thus, constituting, False Imprisonment for Plaintiff, 35 C.J.S. 9-10. Hence, according to the 14th Amendment, Section 1, of the U.S. Constitution," State Laws must Not Abridge the privileges or the immunities of the U.S. citizen." As an Indian/Native American woman

AND A tribal official of the State of
Pennsylvania that recognize the tribe of
Plaintiff AND employes Defendant, Jessica
Keith AND Defendant, Dr. Sudarshan Bagchi,
Both Defendants ignored, "From the very first
Days of our government, the Federal Government
had been permitting the Indians largely to
govern themselves free from State interference".
See McClanahan V. Arizona State Tax Commis-
-sion, 411 U.S. 164 (1973) At 686-687 6. Plaintiff
was brought to N.S.H on 10/14/20, handcuffed, ankle-
-shackled and shackled by two (2) Pike County Police Officers.

Defendant Lt. Floyd Bowen

Defendant, Lt Floyd Bowen was the chief of the
Pennsylvania State Police, Blooming Grove Station,
(Troop R), located At 434 Route 402, Hawley, PA
18428. On November 18, 2019, Plaintiff, Principal
Chief Tonia Scott of the Saw Creek AND Pine
Ridge Indian Communities Tribal Government
Deputy Chief Keeba Scott Harris AND five (5)
Tribal Law Enforcement Officers were illegally
AND unlawfully Arrested by About twenty (20)
Pennsylvania State Police Officers on the Pike
County LAND recorded Indian Title hamlet of
Pine Ridge. Defendant Lt Floyd Bowen was
present During the Tribal Officials AND
Plaintiff Arrest on the Indian Title property

of Pine Ridge. Defendant Lt. Floyd Bowen (17)
informed Plaintiff and Deputy Chief Keeba Scott
Harris that the reason the Pennsylvania State
Police and Defendant Lt. Floyd Bowen, constitu-
tionally violated Plaintiff and the other Tribal
Officials rights and/or privileges and/or immunities
was because," You are going to remove some White
People." When Plaintiff question Defendant
Bowen and the Pennsylvania State Police
Officers actions of overthrowing a Tribal
government. Defendant Bowen response was
in accordance to the Tribal Officials actions
of legally and lawfully ejecting criminal tres-
passers from the Indian Title hamlet of
Pine Ridge. Defendant Bowen violations
were also against the orders of Pennsyl-
vania General Counsel, Attorney John J. Herman
who communicated by letter that the Penns-
ylvania State Police, "Would not get involved"
Pertaining to criminal offenses on the Pike
County recorded Indian Titles of Saw Creek
and Pine Ridge. "Holding that in order to be ind-
ividually liable under 1983, individual must
personally participate in alleged rights deprivat-
ion." See Avalos V. Baca, 596 F. 3d 583, 587
(9th Cir 2010).

The Tribal Officials and Plaintiff were threaten

intimidated, HANDCUFFED AND ANKle shackled by
the P.S.P. Troopers At the direction of Defendant
Bowen, Within eleven (11) hours later, Plaintiff
AND the six (6) Tribal officials Were shadowed
by P.S.P Troopers AND restrained Again, with
handcuffs AND ANKle shackles AND transported
to Pike County Correctional Facility for False
Imprisonment, 35 C.J.S. 9-10. After eleven (11)
months of torture, Abuses AND deprivations,
Plaintiff WAS transported to Norristown State
Hospital to be placed into ANother location
to continue her False Imprisonment, 35 CJS
9-10.

Plaintiff NEVER express AND/or ~~implied~~ implied
consent to be shadowed by two (2) ARMED Pike
County Police Officers, while Plaintiff WAS
handcuffed AND ANKle shackled on 10/14/20.
Defendant, Bowen intentionally inflicted emot-
-ional distress upon Plaintiff, See Regan v.
Twp of Lower Merion, 36 F. Supp. 2d 245,
251 (E.D. Pa 1999). Defendant Bowen violated
Plaintiff, CONSTITUTIONAL AND Federal Statutory
rights As Supervisor of the PENNSYLVANIA
State Troopers, in which Defendant Bowen
supervised, PARTICIPATED, delegated AND Monitor

7 Indulged the activities of the P.S.P. Troopers on the

11/18/19. 19

SEE Roed v. Dellarcipret, 845 F. 2d, 1195, 1207 (3D Cir 1988)

Apparently, their, "Appears" to be an Association. with Defendant Bowen and (Troop R) P.S.P. Blooming Grove Station with deprivation of U.S. citizen rights and/or privileges and/or immunities. Such as, in 2015, Trooper Nicole Palmer was raped, sexually assaulted and later sexually harassed by her Co-worker, a male Trooper, who was also employed at the P.S.P. Station, Blooming Grove (Troop R) with Trooper Palmer. The allegations were investigated by Defendant, Lt. Floyd Bowen, who was quoted as saying to Trooper Nicole Palmer and witnessed by her boyfriend that, "We take care of our own." Before she was later shadowed by two (2) armed Pennsylvania State Troopers into a Psychiatric institution. Trooper Palmer Never implied or expressed consent to be committed to a psychiatric hospital, similar to Plaintiff, Tonia' Scott's experience. See Palmer v. Pennsylvania State Police, Civil No. 3 (17-CV0037D), Middle District of Pennsylvania.

There seems to be a custom of Constitutional Abuses by the P.S.P, Blooming Grove Station (Troop R). See Adickes v. S.H. Kress and Co.,

held that custom for the purpose of Section 1983 must have the force of law by virtue of the persistent practices of State officials. A political subdivision of the State may have a custom with force of law, even if that custom is not applied state wide."

Plaintiff has a Negative history with the P.S.P, Blooming Grove (Troop R), beginning in November 2016, when Trooper Stinco from Troop R visited the Indian Title hamlet of Saw Creek and threatened Plaintiff, P.C. Tonia' Scott and her sister, D.C. Keeba Scott Harris, to leave the Indian Title hamlet or they would be removed by force and arrested, if they did not comply. Plaintiff, P.C. Tonia' Scott presented the Pike County recorded, Indian Title of Saw Creek to Trooper Stinco. After reading the Saw Creek Indian Title, Trooper Stinco gave the document back to Plaintiff, P.C. Tonia' Scott and said that he did not care, then proceeded to escort Plaintiff and D.C. Keeba Scott Harris from the Indian Title hamlet of Saw Creek. The whole incident was video taped. Officer Stinco intentionally disregarded the Pennsylvania Real Estate Law, Pennsylvania Real Estate Affidavits Affect

7328. No. 218-01306-CLS "Providing" ... recording of
certain affidavits affecting the title to real
estate and for their admissibility into evidence
There "appears" to be a policy of discrimination
against Indians and/or women, from the employ-
-ees of the Pennsylvania State Police, Blooming
Grove Station, (Troop R). Apparently, Trooper
Stineo sentiments were correct because three
(3) years later on the Pike County recorded
Indian Title hamlet of Pine Ridge, Plaintiff,
D.C. Keeba Scott Harris and five (5) other.
Tribal officers were forcefully abducted without
any P.S.P. Trooper verbalizing any Miranda
Rights to Plaintiff, which is a Fifth Amend-
-ment violation of the U.S. Constitution.
See MIRANDA V. ARIZONA (1966). Also," There is
No rigid rule by which to resolve the question
whether a particular State Law may be
applied to Indian Country or to Tribal members.
See White Mountain Apache Tribe V. Bracker
448 U.S. 136, 142 (1980)

Defendant, Lt. Floyd Bowen, violated 25 USC 132
(No Assumption by State of Criminal Jurisdiction),
when Defendant Bowen and almost twenty (20)
P.S.P. Troopers criminally trespassed on the
Indian Title property of Pine Ridge and
overthrew a Tribal Government and

-ing
Titles
Act of
November
5, 1981,
P.L.

forcefully
Abducted
Plaintiff
AND the
Six (6)

Tribal Officials. Defendant, Lt. Floyd Bowen WAS informed by the Pennsylvania General Counsel, Not to get "INVOLVED", (with the Actions of the S.C. P.R.I.C. Tribal Government). Thus, in Accordance to 25 USC 2, Section 1.4 (State or Local Laws Do Not Apply to Indian Lands or Indian Personal Property). Affirmed in the Federal case, <u>Toledo</u> <u>V. Pueblo</u> (1966/1954), "the conduct of AN Indian Tribe is <u>Not</u> State Action". And, "Aboriginal/ Indian Title creates a legally enforceable property right against anyone but Congress," See <u>Beecher V. Wetherby</u>, 95 U.S 517 At 525 (1877).

Plaintiff AND the six (6) Tribal Officials endured eleven (11) hours at the Blooming Grove Station, handcuffed to a metal bench, against Plaintiff Will AND liberty constituting False Imprisonment 35 C.J.S. 9-10. Plaintiff AND the six (6) Tribal Officials property was illegally AND unlawfully Seized by P.S.P. (Troop R) At the instructions of Defendant, Lt. Floyd Bowen, on the Indian Title hamlet of Pine Ridge. Defendant Bowen directive is a 14th Amendment violation of the U.S. Constitution upon Plaintiff AND the six (6) Tribal officials rights AND/or privileges AN or immunities secured by the U.S. Constitution AND Federal Statutory Laws.

the Court eleven may
BASED
UPON the be ADDED to Plaintiff 42 USC 1983 Complaint.
ABOVE
REASONS
Plaintiff
-iff
entreats

## Defendant Gregory Chelak

Defendant Gregory Chelak is an employee of the
political subdivision (private corporation), Pike
County. Defendant Chelak is a Pike County judge
/arbitrator for the Courts of Pike County. Plaintiff
and/or the Saw Creek and Pine Ridge Indian.
Communities Tribal Government Never contracted
with Defendant Chelak and/or the Pike County
Corporation for civil and/or criminal jurisdiction
pertaining to the Indian Title hamlets of Saw
Creek and/or Pine Ridge and/or the S.C.P.R.I.C.
Tribal members (citizens). Yet Defendant Chelak
prejuried Documents to Force Plaintiff into
Norristown State Hospital. Plaintiff Never
gave personal jurisdiction to the Courts of
Pike County because the Courts of jurisdict-
-ion pertaining to offenses on the Indian
Title hamlets of Saw Creek and Pine Ridge is
the Saw Creek and Pine Ridge Indian Comm-
-unities Tribal Court. See Iowa Mut Ins Co.
v. LaPlante, 489 US 9 18 (1987), "The Supreme
Court has stated that as a matter of Federal
policy and comity, matters within the tribe's
jurisdiction, "presumptively" lie in Tribal Court"
See Exhibit R

" Holding that "in order to be individually liable, climbers [24]
UNDER 1983 individual must personally participated
in Alleged Deprivation." See <u>Avalos</u> v. <u>Baca</u>, 596
F. 3d 583, 587 (9th Cir 2010)

The S.C.P.R.I.C has its own tribal Court pertain-
-ing to the offenses on the INDIAN Title hamlets
of Saw Creek AND Pine Ridge. The Courts of Pike
County or ANY State Court would be an <u>improper</u>
<u>Venue</u> because the S.C.P.R.I.C. Tribal Gover-
-nment would <u>Never</u> consent to State Laws,
the S.C.P.R.I.C Tribal Court would only enforce
Federal AND/or Tribal Laws as illustrated in
the S.C.P.R.I.C Rules of the Court, download-
-Able on the Tribe website, <u>www.sawcreekand</u>
<u>pineridge.com</u>. "INDIAN Tribes Are Not States,
they have a status higher than that of
States," See <u>Native American Church</u> v. <u>Nava-</u>
<u>-jo Tribal Council</u> (1959).

As such Defendant Chælak. has <u>No</u>
Authorization from the S.C.P.R.I.C Tribal
Government for Subject-matter (territorial)
jurisdiction or personal jurisdiction from
Plaintiff.

The goal of the S.C.P.R.I.C Tribal Government
in reference to property taxes would be to
Allocate those proceeds to Agencies of the

United States Departments, such as the Federal
Highway Commission, the Federal Bureau of Prisons
and various other federal agencies, in which the
S.C.P.R.I.C. Tribal Government will Directly utiliz
their services.

Hence, Defendant Chelak had No authorization
from the S.C.P.R.I.C Tribal government to execute
Any form of jurisdiction pertaining to subject-
matter or territorial jurisdiction, in terms of
Civil and/or criminal offenses on the Indian
Title hamlets of Saw Creek and/or Pine Ridge.
As well as, Defendant Chelak had No personal
jurisdiction to Plaintiff because Plaintiff
gave No personal jurisdiction to Defendant
Chelak and/or the Courts of Pike County. See
International Shoe v. Washington, 326 US 310
(1945).

Even, when Plaintiff was physically assaulted
by Defendant Chelak staffers; two (2) Pike
County Police Officers, whom man-handled
Plaintiff on 3/2/20 because Plaintiff refused
to "plea guilty", to the bogus State criminal
offenses, in which were conjured against
Plaintiff. Defendant Chelak firmly directed

to Plaintiff "You are going to Plea Guilty to (34) these Charges". Plaintiff refused AND then was strongly man-handled by Defendant Chelak two (2) security guards (Pike County Police Officers). Prior to this Action, Plaintiff was visibility injur- -ied AND in pain from the various physical Assault AND Attacks by Defendant Craig Lowe staffers at P.C.C.F.

Plaintiff provided Defendant Chelak with both the Indian Titles of Saw Creek AND Pine Ridge Decree #11, 25 USC 2, Section 1.4, Pennsylvania Attorney General letter AND etc., The Documents were mailed AND confirmed by the Pike Cou- -nty Court Administrator, on 1/20 AND 2/20 (Jan -uary 2020 AND Feburary 2020). Yet Def- -endant Chelak refused to acknowledge the Documents existance, thus, constituting AN "intentional reckless suppression of evidence". "It is well settled that a person, subject to liability can be an individual sued in an ind -ividual capacity". See Devereaux V. Abby, 263 F. 3d 1970, 1074 (9th Cir 2001).

Defendant Chelak would CENSOR Plaintiff AND D.C. Keeba Scott Harris, during court hearings, repeatly, when Plaintiff AND the

Six (6) Tribal Officials were removed and trans-ported from Defendant Lowe P.C.C.F, then forc-ed and shadowed by Pike County Police Officers or P.S.P Troopers (Troop R) to the the Pike County Courthouse hearings. Plain-tiff and the Six (6) Tribal Officials were always handcuffed and ankle shackled during hearings. Each time Plaintiff or D.C. Keeba Scott Harris would assert the Tribe's ju-risdiction over the Pike County recorded Indian Title of Pine Ridge. Both parties would be Censored by Defendant Chelak and/or Defendant Tonkin. Afterwards both Plaintiff and D.C. Harris would be man-handled and Force out of the Courtroom by Pike County Police Officers. Then the Pike County Police Officers would laugh and say to one another, "We got two (2) Chief(s) here!"

## Defendant Matthew M. Osterberg.

Defendant, Matthew M. Osterberg is the chair-person Commissioner of the political sub-division (private corporation), Pike County. The Pike County Corporation has been charging the dwellers on the Indian Title hamlets of Saw Creek and Pine Ridge. property taxes without the authorization of the ~~Trib~~ Tribal Government and stealing the monetary

PROCEEDS from the Tribal Government. Plaintiff has sent several emails, faxes and mail to the Pike County Tax Assessor, Dawn Contreras, to cease the unlawful and illegal extortion from the Dwellers on the Indian Title hamlets of Saw Creek and Pine Ridge. Plaintiff was informed by Assistant Pike County Tax Assessor, Linda, that Plaintiff should be glad that the Pike County Corporation is collecting taxes (Not for the Tribe but for the Pike County Corp-oration.

The tribe <u>Never</u> received a dime from the County, when the tribe attempted to cease the Pike County's illegal and unlawful action of evicting the Dwellers on the Indian Title hamlets of Saw Creek and Pine Ridge, (when the Dwellers refused to concede to Defendant Osterberg extortion of taxes).

On 11/18/19, when the Tribal Officials and Plaintiff began to eject the Criminal tres-passers, who were enforcing the eviction actions for the Pike County Corporation, the six (6) Tribal Officials and Plaintiff were held in False Imprisonment. First, by the PSP Troopers in the Blooming Grove Station, then in the Pike County Correctional Facility.

Two (2) weeks later, Plaintiff and Six (6) Tribal Officials were handcuffed and ankle shackled, as well as shadowed by armed Pike County Police Officers to be presented before the employees of the Courts of Pike County, in which Plaintiff and Six (6) Tribal Officials were man-handled and censored each time Plaintiff and the Six (6) Tribal Officials stated their Tribal Status and/or the Pike County recorded Indian Title properties of Saw Creek and/or Pine Ridge were in the jurisdiction of the S.C.P.R.I.C. Tribal Government. Afterwards, Plaintiff and the Six (6) Tribal Officials were returned to the P.C.C.F., in which Defendant Osterberg's Agent, Defendant Craig Lowe Staffers would Subject Plaintiff and the Six (6) Tribal Officials to various Constitutional Violations

The Motive to deprive Plaintiff and the Six (6) Tribal Officials Constitutional and Federal Statutory Rights, "Appears" to be Greed (Charging illegal and unlawful property taxes), White Supremacy and Sovereign Citizenship. (Similar to R.I.C.O)

Defendants Matthew Ostenberg Agents
Defendant, Craig Lowe and Defendant Gregory
Chelak actions contradict the following:

"Tribes possess the inherent authority" to
make their own laws and to be ruled by them.
See Williams v. Lee, 358 U.S. 217, 220 (1959)
And, "within the boundaries of Indian land
tribes can regulate like any other gov-
-ernment." See Atkinson Trading Post
v. Shirley, 532 U.S. 645 (2001).

The political subdivision (private corporation)
of Pike County benefited from the six (6)
Tribal officials and Plaintiff absentee
from the Indian Title hamlets of Saw
Creek and Pine Ridge monetary proceeds.
Such monetary proceeds financially fund-
-ed the employees of the Courts of Pike
County and Pike County Correctional Fac-
-ility... Also Norristown State Hospital.

There "seems" to be a co-relation between
the Pike County Corporation and the
parties that benefitted from the Pike
County monetary proceeds, as well as

Plaintiff Constitutional of Federal Statu-(3)
-tory rights being violated. Plaintiff stated
in her 28 USC 2254, Habeas Corpus that
Plaintiff was repeatly harassed by Defend-
-ant Lowe (PCCF Warden Staffers. And in
turn, the employees of the Courts of Pike
County and Pike County Correctional Fac-
-ility," Used Excessive Force with the
Shield of Authority," to physically and
emotionally assault and violate Plaintiff
Constitutional and Federal Statutory rights;
See <u>California</u> v. <u>Hodari D.</u>, 499 US 621,
    111 S. Ct 1547 (1991);

"A person subject to liability can also be a
local governing body." See <u>Waggy</u> v. <u>Spankane</u>
<u>County</u>, 594 F. 3d 707, 713 (9th Cir 2010);

"An institutional Defendant, such as a
School District or municipality is not entitl-
-ed to qualified immunity under 1983." See
<u>Owen</u> v. <u>Independence</u>, 445 US 622, 638
(1980) ("Holding that a governing body may <u>not</u>
Assert the good faith of its officers or
Agents as a Defense to liability under
1983). In <u>Monelle</u> v. <u>Dept. of Social Serv-</u>
<u>ices of the City of New York</u>, 436 US
658, 691 (1978), "A local body is <u>Not</u>

to official governing body policy of some nat-
-ure CAUSED A CONSTITUTIONAL tort"

Defendant Craig Lowe Staffers, Nicole Miller
AND her supervisor. Both would taunt Plaint-
-iff with suggestions that she Needed to be
medicated with "Happy Pills". The Same
"Happy Pills" that was suggested by the
Courts of Pike County, Dr. Fischbein, (Pla-
-intiff was Never evaluated by Dr. Fis-
-chbein). Defendant Gregory Chelak signed
A writ to commit Plaintiff (without Pl-
-aintiff's consent AND/or Authorization)
to Norristown State Hospital. The same
hospital that employes Defendant Dr.
Sudarshan Bagchi, who Also Attempted to
extort Plaintiff into taking, "Happy
Pills" in order to be released from Norri-
-stown State Hospital. See Exhibit R

The Courts of Pike County declared Pl-
-aintiff, "legally" incompetent, when Plain-
-tiff would Assert her Tribal Status AND
Tribal jurisdiction pertaining to the
Indian Title of Saw Creek AND Pine
Ridge. Plaintiff is Not A State