UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TONIA' SCOTT,

                              Plaintiff,

                    -against-

RAYMOND TONKIN, et al.,

                              Defendants.

21-CV-1306 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff proceeds in this matter *pro se*. On February 18, 2021, the Court dismissed this action without prejudice under 28 U.S.C. § 1651. (ECF 3, entered 2/19/21.) On March 9, 2021, the Court received Plaintiff's notice of appeal (ECF 7), and two days later, the Court transmitted the notice to the United States Court of Appeals for the Second Circuit.

On March 10, 2021, the Court received three submissions from Plaintiff: (1) a letter requesting that "the Court accept[ ] my 2818 carat, natural emerald, with an appraisal value of $1,432,163, based on a March 2014 valuation," (ECF 4); (2) a petition to add new defendants, including the Pennsylvania Attorney General, and a motion for a temporary restraining order (ECF 5); and (3) a petition for a change of venue and to add new defendant list (ECF 6). For the reasons set forth below, the Court denies Plaintiff's requests.

## DISCUSSION

### I.      Effect of Pending Appeal

The Court liberally construes Plaintiff's submissions as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion brought under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006);

*see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("The solicitude afforded to *pro se* litigants takes a variety of forms." (citations omitted)).

Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). But Rule 4 of the Federal Rules of Appellate Procedure provides that a district court has jurisdiction to rule on a motion under Rules 59 or 60 of the Federal Rules of Civil Procedure after a notice of appeal has been filed, but only if the motion is filed within 28 days after the entry of judgment. Fed. R. App. P. 4(a)(4)(A).

Here, the Court received Plaintiff's submissions the day after she submitted a notice of appeal and within 28 days after judgment was entered. The Court therefore has the authority under Rules 59 and 60 to consider her requests.

## II.     Motion for Reconsideration

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 506, 509 (S.D.N.Y. 2009). A movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* "A motion to reconsider will not be granted where the moving party is merely trying to relitigate an already decided issue," *Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009), largely because "[r]econsideration of a previous order by the Court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources,'" *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

The Court denies Plaintiff's requests. As noted in the February 18, 2021 order, Plaintiff must seek leave from the Court to file a new action *in forma pauperis*. (ECF 3.) As Plaintiff failed to do so, the Court dismissed her action without prejudice. Plaintiff's recent submissions do not suggest that this decision was in error.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's motions for relief (ECF 4-6), construed as a motion for reconsideration, are denied. All other pending matters in this action are terminated.

SO ORDERED.

Dated:   March 17, 2021
         New York, New York

_____
         COLLEEN McMAHON
      Chief United States District Judge

Choose a building block.

3